HENRY D. SMITH, et al., v. COMM'RS OF LEAVENWORTH, et al.

1. INJUNCTION—TAXES; Irregularities. The remedy of injunction will not lie to restrain the collection of a tax for mere irregularities.
2. ———— Assessors; Valuation. The failure of the township assessors to meet and agree upon an equal basis of valuation is a mere irregularity.
3. ———— Excessive Levy. An excessive levy of a tax, where the excess is only slight, is a mere irregularity.

*Error from Leavenworth District Court.*

HENRY D. SMITH and fourteen other persons united as plaintiffs, and brought an action against the *Board of County Commissioners,* and *Alexander Repine,* treasurer of said county,

to enjoin the collection of certain taxes levied upon their real property in and for the year 1870. The petition shows that each of the fifteen plaintiffs owns certain lands in severalty, describing such lands, and giving the assessed value of each parcel, the amount of taxes levied on each parcel, and the aggregate amount of taxes demanded from each plaintiff upon the property owned by him — and alleges that said taxes are illegal and void, and that *Repine,* as treasurer, is about to sell said lands for said taxes, etc. The petition avers that the assessment was made by township assessors, and not by a county assessor; that the assessors neglected "to meet and agree upon an equal basis of valuation," etc.; that the board of commissioners levied taxes upon said assessment for state, county, township, school, and road purposes, support of schools, etc., (specifying the rate of each,) and that all such taxes have been paid by plaintiffs. The complaint is, that the commissioners levied a tax of 11 mills on the dollar of said assessment "for the payment of K. & M. Bridge Bonds," (8 mills for principal, 1½ mills for deficiencies in previous levy, and 1½ mills for interest,) and "11 mills for sinking fund," and that these two taxes are unauthorized, excessive and illegal. The petition was verified, and was supported by copies of the assessment, extracts from the proceedings of the county board, etc. The action was brought pursuant to the provisions of § 253 of the civil code of 1868, to-wit:

"SEC. 253. An injunction may be granted to enjoin the *illegal* levy of any tax, charge, or assessment, or the collection of any *illegal* tax, charge, or assessment, or any proceeding to enforce the same; and *any number of persons* whose property is affected by a tax or assessment so levied, *may unite* in the petition filed to obtain such injunction."*

Upon their verified petition, affidavits, etc., the plaintiffs moved for a temporary injunction, which motion was duly heard before the district judge, and on the 29th of May 1871

[* THIS section embodies the provisions of ch. 74, laws of 1867, p. 145, and was originally enacted in view of the decision in *Burnes v. Mayor and Council of Atchison,* 2 Kas., 455, 489, that, although "the assessment of the tax in question was unauthorized by law, and therefore void," yet, "the remedy at law being clear and undoubted," the plaintiff was not entitled to relief by *injunction.*—REPORTER.]

was overruled and denied. Plaintiffs excepted, and bring said order and record here by petition in error for review.

*J. C. Hemingray,* for plaintiffs in error. [The reporter has made several applications to be furnished' with plaintiffs' brief, but has been unable to obtain it.]

*F. P. Fitzwilliam,* for defendants in error:

1. The injunction was properly refused. The facts stated in the petition taken with the facts presented in the affidavits on the hearing do not bring the application within the jurisdiction of a court of equity. It was a matter resting in the sound discretion of the court, and is not the subject of review, unless it is manifest that the court has inconsiderately exercised its discretion; and this power is to be exercised according to the circumstances of each case: Thompson's Prov. Rem., § 41; 5 Kas., 114; 9 Wis., 166; 14 id., 443.

Section 253 of the civil code is *permissive,* not *imperative,* and only authorizes the injunction to be issued whenever the wrong that is complained of is discovered. It simply modifies the chancery power as to time alone. The same ground for granting an injunction must exist as formerly, with the exception that the party is not required to show "irreparable injury," or that "a cloud" is about to be cast on his title to real estate. 4 Duer, 200. And the informality or irregularity, if any, on the part of the board is not sufficient reason for interfering. This is an appeal to the extraordinary powers of the court, and plaintiffs are bound to make out a clear necessity for its exercise. 5 Kas., 114; 12 Barb., 555; 15 Abb. Pr., 445; 6 Johns. Ch., 46.

2. Plaintiffs have not paid or tendered that part of the tax admitted to be legal or just; and without this they are not entitled to relief. 11 Wis., 497; 16 id., 185; 17 id., 287, 598; 10 Ohio St., 614. It must appear that the party applying is in danger of losing a substantial right, and is in no fault. It is not enough to show that the proceedings

were irregular or even void.    7 Kas., 210; 14 Ill., 254; 26 Wend., 134.

3. Even if the facts are such as to bring the case within the jurisdiction of an equity court, yet no injunction will be granted, if productive of *public mischief*.   Any delay in the proceedings of the officers upon whom the duty is devolved of collecting the taxes may derange the operations of government, and thereby cause serious detriment to the public. *Dows v. City of Chicago*, 4 Am. Law Times, 107; 14 Wis., 618; 16 id., 666.

4. To determine the necessity of the taxes complained of, and whether they were authorized or not, the court must constitute itself a court of review on the action of the county board.    It has no jurisdiction to set aside and amend the proceedings of subordinate tribunals, like the board of county commissioners, especially in the case where the tax assessed is not a cloud on the titles of plaintiffs, or will not produce a multiplicity of suits or irreparable injury.    6 Johns., 28; 4 Barb., 16; 26 Wend., 132; 9 Paige, 16, 288; 7 How. Pr., 205.

The county commissioners may defer levying taxes to create a sinking fund: § 171, ch. 25, Gen. Stat., 292.    The record shows that the eleven mills levied for sinking-fund purposes, was the ascertained amount found to be necessary to meet the matured liability of the county on bonds and coupons, and was made on an itemized estimate of the respective amounts due by the county, as furnished by the county clerk.    At most, the designation of this fund as a "sinking fund" would be an irregularity, not affecting the rights of the plaintiffs, nor increasing the amount of tax each person would otherwise be required to pay.    7 Kas., 210; 16 Wis., 1.

It is urged that the tax for the payment of the K. & M. Bridge Bonds is void, because there was no statute authority under which they could be lawfully issued, and therefore no legal tax can be levied on the property of plaintiffs to pay them.    Ample authority exists: see special laws of 1868, p. 51, ch. 16, §§ 3, 8.    And the commissioners may borrow

money for the purpose of paying assessments levied to pay such bonds; id., §§ 7, 8, p. 52.

The opinion of the court was delivered by

VALENTINE, J.: This action was commenced in the court below for the purpose of restraining by injunction the county commissioners and the treasurer of Leavenworth county from collecting from the plaintiff two certain taxes, to wit: a "sinking-fund tax," and a "bridge tax." The injunction was refused, and the plaintiffs now bring the case to this court. These two taxes are independent of and have no connection with each other, except that some of the irregularities complained of affect both of them and also all the other taxes levied for that year (1870) in the same manner and to the same extent. The plaintiffs (or a portion of them) have paid all their other taxes, and have paid these two taxes so far as they are levied on their personal property, but none of the plaintiffs have paid these taxes or any portion of them so far as they are levied on their real estate.

I. It has already been several times decided in this court that the remedy of injunction will not lie to restrain the collection of taxes for mere irregularities, and we again affirm the doctrine. *Mo. Riv., Ft. Scott & Gulf Rld. Co. v. Morris,* 7 Kas., 210; *K. P. Rly Co. v. Russell,* 8 Kas., 558; *Parker v. Challiss,* ante, 155. And this settles nearly all the questions raised in this case.

II. It is claimed in the petition in the court below, that the plaintiffs' property should have been assessed by the county assessor, and not by township assessors, as seems to have been done; but as there was no county assessor and only township assessors for the year 1870, we suppose the assessment was properly made.

It is claimed that "the township assessors did not agree upon an equal basis of valuation for 1870, as required by law," (Laws of 1870, ch. 120.) The real claim as we understand it, is, that the assessors did not meet at all for that purpose, as required by law. This was a mere irregularity.

Each assessor was bound to assess the property of his township at its true value, whether the assessors had any meeting or not, or whether the assessors agreed upon any basis of valuation or not.

It is claimed "that there was no assessment roll of said county for the year 1870." This is exceedingly technical, as we understand the facts. It is not claimed, as we understand, that the township assessors did not properly assess the property of their respective townships, or make the proper returns of their assessments. Neither is it claimed that there was not an assessment roll for each township. Now if there was an assessment roll for each township, then it was not necessary that there should have been another one for the county.

III. It is claimed that the levy of 11 mills for the sinking-fund tax was excessive. The evidence does not show this to be true; but if it does, the excess must have been slight; it could not have been very great, and was therefore only a mere irregularity. Before a court would interfere to set aside a tax for this reason this excess would have to be enormously great. But the plaintiffs have not placed themselves in a condition to raise this question. They have not paid nor offered to pay any part of this sinking-fund tax on their real estate.

It is claimed that the sinking-fund tax was not levied for the sinking fund, but for the purpose of paying the interest on certain bonds. This is not shown to be true by the evidence. The evidence is conflicting, but the weight or preponderance of the same seems to show that the tax was levied for the sinking fund, and not to pay said interest. The preamble attached to a certain resolution adopted by the county commissioners on the 12th day of April 1871, which reads as follows: "Whereas, for certain prudential reasons, the Leavenworth county board did, at the levy made September 5th 1870, for the payment of interest on the Platte City & Fort Des Moines Railroad bonds, levy the same in the name of the sinking fund, therefore, Be it Resolved," etc., although supposed to prove so much by the plaintiffs is nevertheless very weak evidence for their purpose, and the other evidence clearly overbalances it.

It is claimed "that some, one or more, of said county commissioners are interested personally and pecuniarily in said Platte City & Fort Des Moines Rld. bonds." This if true amounted to nothing, unless it tends to explain the reason for adopting the foregoing preamble, and the resolution following it; and in such case it tends to impeach the plaintiffs' own evidence; it tends to impeach the truthfulness of the preamble itself.

It is claimed "that the tax of eleven mills upon the plaintiffs' real estate levied for the purpose of paying off the bonds and interest on the same issued by the said board of county commissioners to the Kansas & Missouri Bridge Company, is illegal and void." Upon this point the plaintiffs have not proved facts enough to raise any question of law. The evidence, meager as it is, is all against them. The plaintiffs have proved nothing, and the defendants not very much. It is true that the plaintiffs have in their petition made bold allegations that the tax was void, etc., but such allegations do not amount to evidence. The plaintiffs seem to have labored under the erroneous notion that they were the defendants, or that they had the negative of the issue, and that upon the defendants rested the burden of proof, while in fact the burden of proving everything rested upon the plaintiffs themselves. The evidence seems to show that everything had been done so as to authorize the commissioners to borrow $250,000, and that the commissioners did borrow that amount, and issued the bonds of the county as evidences of the indebtedness thereby created. That the county had a right to issue some kind of evidence of indebtedness, we suppose will not be questioned. But whether these bonds were such as should have been issued we are unable to say, as no copy of any one of them is given, and the form of no one of them is described.

The order of the court below refusing the temporary injunction must be affirmed.

KINGMAN, C. J., concurring.

BREWER, J., did not sit in the case.