Mo. River, Fort Scott & Gulf Rld. Co. v. J. H. Blake, *Treasurer, etc.*

1. Taxes; *Injunction.* A court of equity will not set aside a tax, nor grant an injunction to restrain its collection, unless its collection would be inequitable and unjust.

2. ———— *Railroad Property; Irregularities.* Irregularities in the assessment made by the county clerks acting as a board for assessing railroad property, or acting separately under other statutes, will not render the taxes founded upon such assessment void. [Citing and affirming *Gulf Railroad Co. v. Morris,* 7 Kas., 210.]

*Error from Johnson District Court.*

This action was commenced by plaintiff in error on the 6th of January 1871, to set aside and enjoin the collection of a tax amounting in the aggregate to $11,871.14, levied by the

officers of said county upon the track, road-bed, right of way, depot buildings, machinery, rolling-stock, moneys, credits, and all other property of plaintiff in error, and upon an alleged illegal and unauthorized assessment and valuation of said railroad property, made in pursuance of ch. 124 of the Laws of 1869. The tax roll, including this tax, was at the time of the filing of the petition in the hands of *J. H. Blake*, as county treasurer, for collection, and he was about to place a warrant in the hands of the sheriff of Johnson county for the purpose of collecting said taxes. A temporary injunction was granted. An amended petition was subsequently filed, wherein plaintiff alleges that a proposal was made to the board of county commissioners by plaintiff to pay a tax against the railroad property for the year 1870, upon a valuation of $7,000 per mile; that the assessors of Johnson county had *purposely* assessed and valued the other taxable property of said county at much less than its actual value." Defendants demurred to the amended petition, for that "said petition does not state facts sufficient to constitute a cause of action." The demurrer was sustained by the district court at the August Term 1871, and plaintiff now brings the case here by petition in error for review. The main facts in the case, and the grounds upon which the validity of the assessment was attacked, are the same as those stated in the case of *Gulf Rld. Co. v. Morris and Wheaton*, 7 Kas., 210, the assessment being made by the same board, and at the same time. The assessed value of plaintiff's road was $11,628.36 per mile.

*Wallace Pratt*, and *C. W. Blair*, for plaintiff in error:

The questions presented for the adjudication of this court are, 1st, Was the tax in question legally levied and assessed against the railroad property? 2d, Can this action be maintained for the purpose of adjudicating this question? 3d, Is the plaintiff in error entitled to the relief prayed for in its petition herein?

1. Plaintiff in error claims that the tax sought to be enjoined is illegal, for the reason that there was no valuation

of the property of plaintiff, and that in consequence thereof the taxing officers had no jurisdiction in levying and assessing said tax. A valuation of property sought to be taxed is an essential prerequisite to any valid and legal tax; and without such valuation all subsequent proceedings in levying, assessing or collecting a tax are without jurisdiction and void. Blackw. Tax Titles, 3d ed., 106, 107, 153; 3 Mass., 429; 3 Pick., 482; 11 Ill., 253; 15 La. An., 15; 5 Mich., 151; 10 Cal., 589. It is an admitted fact in this case, that the only listing and valuation attempted to be made was the one made at Olathe on March 23d, 1870, under the provisions of ch. 124, Laws of 1869. It is also an admitted fact that the railroad of plaintiff in error was built and in operation into Crawford county prior to March 1, 1870; that no notice of the time and place of this meeting was ever given to the county clerk of Crawford county, nor was he present at such meeting. The want of such notice to the clerk of Crawford county, and his absence, we claim, rendered the proceedings of this pretended board without jurisdiction, and void. Without any statutory requirement that notice should be given, the rule of law is well settled, that no power delegated to a body composed of several persons can be legally exercised without notice to all the members composing such body; 22 N. Y., 128, 134, 146; Blackw. Tax Titles, 3d ed., 110; 8 Blackf., 350; 18 Conn., 189; 21 Wend., 178. The statute however, (§ 2, ch. 124, laws of 1869,) expressly provides that such notice shall be given. And such provision of the statute, and of the common law, is eminently reasonable and proper. If the neglect to notify one of the clerks is an immaterial departure from the requirements of the law, then it is only requisite that a sufficient number be notified to constitute a quorum, namely, a majority of the whole number of clerks. Let us look a moment at the practical working of this construction of the law: Assume that the whole number of clerks who should constitute this board is ten; four of the number are known to the auditor of state to have an exaggerated idea of the value of railroad property;

the other six are known to him to have opposite views. He notifies the four with the exaggerated ideas and two only of the other six, who meet, and being a majority of the whole number, constitute a quorum, and proceed to the valuation of the railroad property. The four being a "majority of those present at any meeting having a quorum," control the entire valuation. In the case at bar it might have been, had the clerk of Crawford county been notified of, and present at, the meeting of the board, that his influence and vote might have changed the valuation of the property of the plaintiff from a sum double the valuation of most of the other railroad property of the state, to one more just and equitable. At least, the plaintiff was entitled to the experiment.

The objection made by the plaintiff to the validity of this tax is not to a mere irregularity, but is *jurisdictional.* If the clerk of Crawford county was an essential member of that board, then he should have been notified of the time and place of the meeting called by the auditor of state, and without such notice, or his presence, there was no legally constituted board, and hence the proceedings of the other county clerks were without any authority of law, and void. All the authorities cited above sustain this proposition. This defect then not being an irregularity cannot be cured by the provisions of § 113 of the general Tax Law, ch. 107, Gen. Stat. The establishment of the proposition that the defect in the tax in question is not an *irregularity* simply, but is a *jurisdictional* one, renders the tax an *illegal* one, and the plaintiff is entitled to have the collection of the same restrained by injunction. Civil code, § 253.

2. The plaintiff is peculiarly entitled to the interposition of a court of equity to restrain the collection of this tax. The tax is levied on an assumed valuation of plaintiff's property, much greater than the valuation of other property in Johnson county, which was purposely valued by the assessors of said county at much less than its actual value. The plaintiff is engaged as a carrier for the public, and in transporting the U. S. mails. An attempt to collect this tax might, and prob-

ably would, by seizure of one of its trains, be thus delaying and impeding the business of the public, and stopping the mails. The plaintiff has offered and is still ready to pay a tax levied upon a valuation of its property of $7,000 per mile, which tax would be fair and equitable compared with the tax upon all other property in Johnson county for the year 1870.

3. At the trial of this cause in the district court the defendant relied entirely upon the decision of this court in the case of the *Mo. River, Fort Scott & Gulf Rld Co. v. Morris, treasurer, and Wheaton, sheriff, of Bourbon county,* 7 Kas., 210; and the district judge based his judgment in this action upon the authority of that decision. While the tax in that case, and the one in the suit at bar, were apparently based upon the same pretended valuation of the property of plaintiff, yet the amended petition herein, the allegations of which are admitted by the demurrer of the defendants, presents a case different in many particulars from the Bourbon county case. We admit that opinion to be decisive of the constitutionality of ch. 124, Laws of 1869; that the defect in the notice to the Railroad Co. was not a material one; and that a deputy clerk could act as a member of such board in the absence of the clerk. Hence, we have not reviewed either of those questions in this argument. We do not, however, admit that this court in the opinion referred to, decided that the notice to one of the county clerks who should compose this board, and his absence from the meeting, was an *immaterial defect*, or at most a *mere irregularity*. In the opinion referred to this court says upon that point: "We are also inclined to think that said § 113 will cure the second irregularity, *but we do not propose to decide this question now,*" etc. In the argument of the Bourbon county case the counsel for defendants did not claim that § 113 would cure this defect, and hence the question whether this was a *jurisdictional* or *material defect*, and not a *mere irregularity*, was not discussed, and this court did not find it necessary to decide this question. By a reference to that question, it will

be perceived that this court held that *an assessment* and *valuation* was made *for Bourbon county*, and hence no matter how illegal were the acts of the board that met at Olathe, the tax in Bourbon county was a valid and legal one. We refer to the following language used in that opinion:

"Now the record in this case shows that Mr. C. Fitch, county clerk of Bourbon county, made the assessment of which the plaintiff in error complains. It was upon his motion and at his figures that *the whole road was assessed*. It is true that the manner of making the assessment was irregular, but mere irregularities do not make assessments void in this state."

If Mr. Fitch made the assessment in question, and it was upon his motion and at his figures that the whole road was assessed, certainly it cannot be claimed that the clerk of Johnson county also made the assessment. The fact that Mr. Fitch made it, precludes the idea of any one else having made it. Hence, the tax levied by the officers of Johnson county must depend for its validity upon the assessment and valuation made by the pretended board that met at Olathe; and that board, as we have shown, being illegally constituted, could make no valid assessment and valuation.

In the opinion of this court in the Bourbon county case it was stated that plaintiff in error had made no offer to pay any tax whatever. In the amended petition in this case it fully appears that a fair and equitable offer has been made, and that plaintiff in error is still ready to pay in accordance with the same.

*F. R. Ogg*, and *Devenney & Green*, for defendants:

1. The several questions presented by the amended petition have been passed upon and adjudicated by this court in the case of *Mo. Riv., Ft. Scott & Gulf Rld. Co. v. Treasurer and Sheriff of Bourbon Co.*—(7 Kas., 210)—wherein similar questions were presented. That case is decisive of this. The act of March 4th, 1869, ch. 124, is a valid and constitutional law; 7 Kas., 210. Said ch. 124, and the act of February 27th, 1868, ch. 107, Gen. Stat., must be construed together;

and the objections raised by plaintiff to the acts, doings and proceedings of the officers not being of a *jurisdictional* character, but mere irregularities, they are cured by § 113 of the act of 1868.

It is alleged that the property of plaintiff was assessed higher than other similar property throughout the state, and higher than other property in Johnson county, but it is nowhere alleged that it was assessed at a value greater than the law requires, or authorizes. We are unable to comprehend by what right the plaintiff can complain because the property of others has not been properly assessed. 20 Mo., 136.

2. The plaintiff is not entitled to the relief prayed for in its petition—there being no strong equitable grounds existing for the interference of a court of equity—and the court did not err in sustaining defendants' demurrer. 2 Cal., 590; 2 Kas., 454; 27 Ind., 12; 17 Wis., 284, 442; 3 Ohio St., 1; 97 Mass., 152; 15 Ohio, 623; 22 Ill., 34.

3. Even if the taxes were illegal, the plaintiff should have at least tendered us the good taxes. Their alleged "proposition" of submitting to a tax on $7,000 per mile of its railroad in the county, is inequitable—out of all proportion when compared with the valuation of other property.

The opinion of the court was delivered by

KINGMAN, C. J.: This case is like the case of the same plaintiff against *Morris, as Treasurer, and Wheaton as Sheriff, of Bourbon county,* 7 Kas., 210. The decision in that case will control the decision of this. The reasoning in that case does not appear satisfactory to the counsel for the plaintiff in error. It is possible that a restatement of the grounds of the opinion, after having the benefit of the criticism of counsel, might obviate some of their objections thereto; but the conclusion would remain unchanged. We are content to let the decision of this case rest upon the reasons given in that opinion, without change. The original petition in this case was precisely like that of the Bourbon county case. The amended petition has some new averments; but the learned

counsel certainly does not think they are of a character to change the decision, or to challenge a grave review. The judgment will be affirmed.

All the Justices concurring.