*144 The opinion of the court was delivered by
Valentine, J.:
This was an action brought by B. E. Hudson and David Johnson to restrain the collection of certain taxes levied against each of them, respectively, as stockholders, in “ThePerpetual Building and Savings Association of Atchison.” The first question arising in the case, is, whether the plaintiffs below, who are also plaintiffs in error, had any right to prosecute an action jointly for any such purpose. If this question should be determined in the negative, it would not be necessary to determine any of the other questions that have been presented to us, as, if we should affirm the judgment, then the present action will be finally disposed of. The judgment of the court below was, that the plaintiffs’ action should be dismissed at the plaintiffs’ costs — and this was just the judgment that should have been rendered if the plaintiffs had no right to sue jointly. In the court below the case was tried by the court, without a jury, upon an agreed statement of facts; and upon these facts, and the pleadings, the court was asked in the following words to decide the following questions, to-wit:
“ It is agreed that the questions to be submitted to the court for determination, are — 1st, Whether or not the shares of stock owned by plaintiffs, respectively, or the moneys paid into said corporation on said shares of stock, are subject to taxation after the said corporation has listed for taxation all the dues, fines and interest paid into said association at the March meeting thereof, as provided for by § 2, ch. 43, page 93, laws of 1870?
“ 2d, Whether or not, under this agreed statement of facts, the said plaintiffs are entitled to an injunction?
“ 3d, Whether or not, the said plaintiffs are entitled to sue jointly in the premises?”
This court is now asked to decide these same questions. The first two include several other questions. Is the stock, or the property, owned by said corporation, or both, taxable? Would it be valid to tax both the stock and the property of the corporation, or would the same be double taxation, unconstitutional and void? (Const., art. 11, § 1; Angell & Ames *145 on Corporations, §§ 459, 460, 461; Abbott’s Dig. Law of Corp., 834, §§ 12, 13. But see State v. Branin, 3 Zabriskie, 484.) If only one is taxable, is it not the property, and not the stock? (Sec. 29 of the tax laws, as amended; laws of 1869, p. 244, § 1: laws of 1869, p. 239, § 1.) If both are taxable, are they both taxed to the corporation, or to the stockholders, or one to each; and if one to each, which one to the stockholders, and which to the corporation? If the stock is taxable, is it. taxable to the stockholders, (Gen. Stat., 1024, § 12,) or to the corporation? (Said §§ 12 and 29, and laws of 1870, p. 93, § 2, and laws of 1869, p. 239, § 1.) Who lists the property for taxation, and from whom is the tax collected? (Laws of 1869, p. 239, § 1.) The foregoing sections would seem to indicate that if the stock of a corporation is taxable at all, it is taxable to the corporation, and not to the individual stockholders; and the property of the corporation is unquestionably taxed to the corporation. Can it make any difference, so far as this case is concerned, whether said § 2 (laws of 1870, p. 93,) is valid, or not? Does the act which contains this section contain but one subject, and is that subject clearly expressed in the title? (Const., art. 2, § 16.) Does said section exempt certain property from taxation ? and if so, is such exemption constitutional and valid? (Const., art. 11, § 1.) And is the property to be assessed under that section assessed at an equal and uniform rate with other property? (Const., art. 11, § 1; Gen. Stat., ch. 107, §15; §§ 12 and 29, supra.) The statutes seem to require that other property should be assessed at its true value on the first of March. (Adams v. Beman, 10 Kas., 37; Gen. Stat., ch. 107, § 11.) But it can hardly make any difference so far as this case is concerned whether said § 2 is constitutional or not, for it, as well as the other statutes, provides for taxing the corporation, and not the stockholders. When the county commissioners assess property under § 65 of the tax law (Gen. Stat., 1041; Lappin v. Nemaha Co., 6 Kas., 403,) is the notice there required a notice of a jurisdictional character, which must necessarily be given, or would it be only an *146 irregularity for the county commissioners to assess the property without the clerk giving said notice? And if the notice is not given, is the tax void, or only voidable? (Comm’rs of Leavenworth Co. v. Laing, 8 Kas., 284; K. P. Lily. Co. v. Russell, 8 Kas., 558.) Will the assessment by the. commissioners without notice be held absolutely void, where no assessment had previously been made; or will it be held void only, where an assessment had previously been made, and the assessment of the commissioners conflicts with such previous assessment, as in the cases last cited? Is notice to the corporation a sufficient notice to the individual stockholders, so as to assess them? If the tax is void, should the owner of the property taxed pay or offer to pay all the tax that might legally be levied on the property, and all that in equity he ought to pay, before an injunction will be allowed to restrain the collection of the tax, or is this equitable" requisition confined to cases only where the tax is merely voidable? and can he in all cases where the tax is void have an injunction? (Cases last above cited, and Gulf Rld. Co. v. Morris, 7 Kas., 210, 229; Smith v. Leavenworth Co., 9 Kas., 296, 300; Gulf Rld. Co. v. Blake, 9 Kas., 489; City of Lawrence v. Killam, 11 Kas., 499.) We shall not answer the foregoing questions, but will pass to the third question propounded by the parties, (properly the first question for decision in the case,) and in determining that question we shall also in effect determine the second question propounded by the parties, to-wit, are the plaintiffs entitled to an injunction in this case?
Are the plaintiffs entitled to sue jointly in this action ? We think not. Their actions, if they have any, are several, and not joint. It is the several stock of each, and not the joint stock of both, that has been taxed in this case. The plaintiffs have no joint interest, or interest in common, in the matter. It can make no difference to Hudson how much Johnson is taxed on his ten shares of stock, nor to Johnson how much Hudson is taxed on his three shares of stock. Their interests .are entirely separate and distinct. It is true, the questions involved in the two cases are precisely alike; but the similar *147 ity of the questions involved in two or more cases, whether of law or fact, or both, never was a sufficient foundation for a joint suit by two or more plaintiffs. The joint or common interest of the plaintiffs, necessary to enable them to sue jointly, must be in the subject-matter of the action, and not merely in the legal questions involved in their separate causes of action. We suppose it will be admitted that, except for the statute, (code, § 253,) the plaintiffs could not maintain this action, nor any joint action, to restrain the collection of taxes severally assessed against them: (Newcomb v. Horton, 18 Wis., 566; Barnes v. Beloit, 19 Wis., 93.) But it is claimed that § 253 of the civil code authorizes such an action. Said section reads as follows:
“Sec. 253. An injunction may be granted to enjoin the illegal levy of any tax, charge, or assessment, or the collection of any illegal tax, charge, or assessment, or any proceeding to enforce the same; and any number of persons whose property is affected by a tax or assessment so levied, may unite in the petition filed to obtain such injunction.”
This is the only section of the statute that is supposed to. give to the plaintiff any right to sue jointly, in an action like this: This section gives to every man a right to enjoin any illegal tax that may be assessed against him, whether the tax affects his property only, or his and others. And it gives to all persons whose property is affected by the same illegal tax the right to unite in the action to enjoin such tax. But it does not give the right to two persons to. unite in an action to enjoin two illegal taxes severally assessed against each of them. Where a tax is illegal in the abstract — illegal in and of itself — illegal, as applied to every owner of taxable property in the county or district, then every person who has property affected by such illegal tax, or so many of them as may choose, may unite in an action to restrain the collection of such tax. Thus, where a tax is levied to pay interest on illegal bonds, (Bridge Company v. Wyandotte, 10 Kas., 326,) or to pay illegal street assessments, (Gilmore v. Norton, 10 Kas., 491; Gilmore v. Fox, 10 Kas., 509,) all persons whose prop *148 erty may be affected by such tax, or so many of them as choosé, may unite in an action to enjoin the same; for the tax as a tax is illegal. But when the tax, as a tax, is valid, as for instance, an ordinary county tax, or state tax, or school tax, but becomes illegal only as applied to particular persons or property, or to particular cases, then each person severally interested must sue alone. Thus, a legal tax charged upon property in the wrong county, (Griffith v. Carter, 8 Kas., 625;) or upon property illegally assessed, (Leavenworth v. Laing, 8 Kas., 284; K. P. Rly. Co. v. Russell, 8 Kas., 558;) or upon property not subject to taxation, (The Kansas Indians, 5 Wall., 737, overruling the cases of Blue-Jacket, and Wan-zop-pe-che, 3 Kas., 299, 364; K. P. Rly. Co. v. Prescott & Culp, 16 Wall., 603, overruling supreme court of Kansas, 9 Kas., 38; Parker v. Winsor, 5 Kas., 362; Douglas Co. v. U. P. Rly., 5 Kas., 615;) or upon property exempt from taxation, (Washburn College v. Shawnee Co., 8 Kas., 344; Vail v. Beach, 10 Kas., 214; St. Mary’s College v. Crowl, 10 Kas., 442,) becomes illegal in these particular cases. But still, the owner of the property taxed in the wrong county, the owner of the property illegally assessed, the owner of' the property not subject to taxation, and the owner of the property exempt from taxation, could not all unite in the same action to enjoin said tax. This tax, as applied to these four persons, might be a county tax in and for the same county, and therefore in one sense the same tax; but it could not in any sense be'called the same illegal tax. It would in fact, as applied to. the the property of these four different persons be four different illegal taxes. It is admitted that all the taxes charged against the plaintiffs in the case at bar are legal and valid, as taxes, 'but only become illegal and iuvalid as applied to certain particular property of the plaintiffs, and as applied in the manner it was done. The taxes charged against these two plaintiffs are the regular and ordinary state, county, school, and other taxes; but it is claimed that these are illegal in this particular case because stock, as stock, in this class of corporations, is not taxable at all, because if the stock is taxable at all, it is *149 taxable to the corporation, and not to the stockholders; and because the stock in the present case was never legally assessed. In whatever aspect we may view this case, the plaintiffs have no joint action. If we view the taxes in the abstract, as general taxes, state, county, school, etc., then they are legal and valid; but if we view them as taxes upon separate interests, then they become separate taxes, and the plaintiffs have no joint interest therein, and no right to sue jointly under the statute. The statute authorizes a joint suit only when the property of the different plaintiffs is affected by the same illegal tax, and not when their separate property is affected by different illegal taxes.
The judgment of the court below must be affirmed.
All the Justices concurring.