## L. C. CHALLISS v. THE BOARD OF COMM'RS OF ATCHISON COUNTY, *et al.*

1. TEMPORARY INJUNCTION; *When Motion to Dissolve, will be heard.* Where a preliminary injunction has been granted without notice, a motion to dissolve may upon notice be made at any time before the trial, and this notwithstanding a demurrer has been previously filed.

2. ———— *Restraining Collection of Taxes; Equity.* Equity will not in-

terfere to restrain by injunction the collection of taxes where the property is subject to taxation, the tax legal, and the valuation not excessive, simply because of irregularities in the tax proceedings. And this rule applies alike to general and special taxes, and whether the application be to restrain a sale or enjoin the execution of a deed.

### *Error from Atchison District Court.*

INJUNCTION, brought by *Challiss* to restrain the *Board of County Commissioners*, the county treasurer and county clerk from transferring certain tax-sale certificates held by Atchison county on his property, and to enjoin the county clerk from issuing tax-deeds thereon. The district judge granted a temporary injunction. The defendants thereafter filed a demurrer. In this condition the case passed two regular terms of the district court. In January 1874 defendants filed two motions to dissolve, one going to all the property, the other going to a part only. The district judge sustained the second motion, and for review of this order the plaintiff brings the case here.

*W. W. Guthrie,* for plaintiff:

We insist that it was error to hear defendants' motion to dissolve while the case stood on their demurrer to plaintiff's petition. (High on Injunctions, § 879.) There were twenty-two certificates, and on each a separate deed was authorized. The time had nearly expired for deeds. The law made it the duty of the treasurer to certify to the clerk, and he to assign, and then issue deeds. In a brief time a great number of tax-deeds would cover plaintiff's property, each being a cloud, and requiring many suits to remove. We insist that then was the time to enforce his remedy. Should deeds issue in case at bar, they would constitute several clouds, and would be set aside in an action to remove such clouds. And however void such deeds, such remedy exists: 9 Wis. 402, 410. In these two cases injunction was allowed to restrain making a tax-deed; and in 18 N. Y. 510, and 19 Iowa, 305, injunction was allowed to prevent a sheriff's deed on a sale on execution not against the owner. Why not for like reason

enjoin, where redemption existed, the issuance of a certificate of sale, and its assignment in many different parts? The office of injunction is the protection of jeopardized rights in real property, and this must be equally so whether threatened by public officers or individuals. Here it is not sought to restrain *the collection of a tax*. Such tax was merged in a sale years ago, as a note merges in a judgment recovered on it. Were the certificates held by an individual, it would not be questioned that the public would have no interest in the controversy. For the law clearly is, that in all cases wher courts will interfere to remove a cloud, on a like state of facts the courts will enjoin acts which necessarily result in clouding a title: 47 N. H. 267; 5 Paige Ch. 493; 14 N. Y. 9; 46 Ill. 117; 15 Cal. 127; 37 Mo. 288; 47 Mo. 474. Here is no case of proceedings to embarrass the collection of the public revenues. Every step to collect these taxes has been taken — now there only remains upon expiration of time for redemption after sale those steps requisite to final confiscation. Is it more or less hurtful to the property-owner, or more or less beneficial to the public, after sale, that the certificates are in the hands of individuals, or held by the county? But if so, specific provisions have been made for such cases; (ch. 196, Laws of 1872.) Or, is it more or less the collection of a tax, that suit is brought now, or brought to set aside the deeds which we now ask to enjoin?

This case stands not on "mere irregularities," but on substantial defects, creating between this property and the tax-deeds sought to be enjoined from being placed thereon, legal gullies that cannot be jumped or bridged with the plea of "the public good." "Mere irregularities," within § 113 of the tax law, are only such as without such provision courts of equity would disregard: 5 Minn. 100; Blackwell Tax Titles, 82. There was no notice given of expiration of time limited for redemption, as required by § 110 of tax law. Plaintiff was entitled to that notice to prepare to avoid the forfeiture of his property. Without it, he cannot be in default. The object of that provision is to afford to property-

Challiss v. Comm'rs of Atchison Co.

owners "at least four months" within which to make preparations to save their property. Can the public take his property finally, and vest the title in another in entire disregard of that positive *essential* provision? Plaintiff has not waived any right, for at no previous time could he have acted: 26 Texas, 296; 19 La. An. 184. But all tax proceedings under *ex parte provisions* are *stricti juris*, and rights are not divested only when the law has been fully complied with. The rule of judicial proceedings does not apply.

*S. H. Glenn*, and *D. Martin*, for defendants: .

The county could not set up the taxes in an action like this, as the holder of a tax-deed may do under § 117, Gen. Stat. 1057; and the certain result of granting an injunction would be to deprive the government of its revenue. That equity cannot be invoked for such a purpose, see 22 Ill. 34.

Plaintiff's counsel contended that a motion to vacate should not be entertained while the case stood on general demurrer; but whatever may be the rule in the absence of statute, the injunction in this case having been granted without notice, we had a right to apply for its vacation "at any time before the trial." Civil Code, § 250.

The opinion of the court was delivered by

BREWER, J.: This is an action to restrain the issue of sale certificates, and the execution of tax-deeds, upon a number of lots belonging to plaintiff in the city of Atchison. It seems to us that this case is pretty fully covered by decisions already made in this court, and that there is scarcely any new question in it for consideration. A preliminary matter is however thus presented: Upon the filing of the petition a temporary injunction was granted. The defendants filed a demurrer to this petition, and thereafter a motion to dissolve the injunction. Now the contention of counsel is, that it was error to hear defendants' motion to dissolve while the case stood on demurrer to the petition. Whatever may be the

rule elsewhere, or might be the rule here, independent of statute, we think this closes the question. Sec. 250 of the civil code provides that, "If the injunction be granted without notice," (and this was so granted,) "the defendant at any time before the trial may apply upon notice to the court in which the action is brought, or any judge thereof, to vacate or modify the same." The application here was not to restrain a sale for taxes, but the issue of sale certificates and execution of tax-deeds. Upon this counsel says:

"Here is no case of proceedings to embarrass the collection of the public revenues. Every step to collect these taxes has been taken. Now there only remains, upon expiration of time for redemption after sale, those steps requisite to final confiscation."

As the property in controversy was, for lack of other bidders, all struck off to the county, and not a dollar of money has yet passed into the county treasury, it would seem that any stay of proceedings would most seriously interfere with the collection of the public revenues. But this question has already been before us and decided. *City of Lawrence v. Killam*, 11 Kas., 499. It was there held that "equity will not interfere to restrain by injunction the collection of taxes when the property is subject to taxation, the tax legal, and the valuation not excessive, simply because of irregularities in the tax proceedings. And this rule applies alike to general and special taxes, and whether the application be to restrain a sale or enjoin the execution of a deed." That decision disposes not only of this question, but also of nearly every question made by counsel. The objections to the tax proceedings are stated by plaintiff as follows:

1st. That no due assessment and valuation of each parcel of real estate within the township and city of Atchison was made for the year 1869, and returned duly verified, etc., before June 1st 1869, nor was plaintiff's real property so assessed and returned in a book, etc., as required by law.

2d. That the pretended assessment was made for 1869 without the assessor having received the assessment-roll of 1868 before March 1st 1869.

3d. That more than half the taxes were percentage levied

by the mayor and councilmen of the city of Atchison, and the same were not certified to the county clerk before August 15th 1869, or at any other time for 1869.

4th. That the treasurer did not cause notice to be published stating the amount of taxes, etc., on each hundred-dollars valuation, and that he or his deputy would attend at the places of holding elections to receive the taxes, nor did he or his deputy attend in the First, Third, or Fourth wards, etc., to receive taxes for 1869.

5th. That the sale was made without notice thereof being published for four consecutive weeks, commencing between March 1st and 10th 1869, describing the land and lots as on the tax-roll, etc., with a notice that so much of each tract or lot as might be necessary would on the first Tuesday of May, etc., be sold at public auction at his office, for the taxes, etc., nor was such notice posted up for four consecutive weeks, etc.

6th. That the county treasurer did not, prior to February 1st 1873, cause to be published in a newspaper any list of unredeemed lands and lots sold for taxes of 1869, describing the same, etc., with a notice specifying the days limited for the redemption thereof.

Now it is unnecessary to determine how these defects would be regarded in an action at law, in which the validity of a deed based upon these proceedings was involved. It may be that they would defeat the title, either before or after the running of the statute of limitations, or it may be that they would be considered mere irregularities such as are covered by § 113 of the tax law; (Gen. Stat., p. 1057.) The principles which would control in such an action are entirely different from those which obtain here. Here the question is, whether in equity and good conscience the plaintiff ought to have paid these taxes. And to this question the answer must manifestly be in the affirmative. He makes no pretense that the property was not subject to taxation. Nothing is intimated to impeach the justice of the tax. True, he says that more than half was levied by the authorities of the city of Atchison, and not duly transmitted to the county clerk; but he does not question the right of those authorities to make the levy, or that it was in the slightest degree in excess of the amount absolutely necessary, or for any illegal or im-

proper  purpose.   Nor  does  he  show  any  excessive  or  unfair valuation,  or  valuation  by  the  wrong  officer.   The  objections run  to  the  *manner*  in  which  that  valuation  was  reached — to alleged  omissions  and  deviations  from  the  statutory  mode  of procedure,  and  not  to  the  result.   Thus,  for  aught  that  appears  in  his  petition,  his  property  ought  to  have  been  charged with  these  taxes,  the  taxes  were  legal,  just,  and  fair,  and  the valuation  of  his  property  made  by  the  proper  party,  exactly what  it  ought  to  have  been.   It  seems  as  though  the  mere statement  of  these  propositions  was  enough  to  show  that  he makes  no  case  for  the  interference  of  a  court  of  equity.

The  judgment  will  be  affirmed.

All  the  Justices  concurring.