[No. 1171. Decided January 16, 1894.]

ROBERT WINGATE, *Appellant*, v. R. A. KETNER, *Auditor*, *et al.*, *Respondents*.

TAXATION IN CITIES OF FIRST CLASS — DECLARATORY PROVISIONS — BASIS OF LEVY.

The statutory provision requiring the common council of a city to make a tax levy within thirty days after the assessment roll has been certified to it, is declaratory instead of mandatory, and failure to strictly comply therewith would not deprive the city of the right to make a tax levy for the year.

Although a city of the first class had, under the provisions of its charter, levied a municipal tax for the year 1893, the city had the power, under the act (Laws 1893, p. 167) providing for the assessment and collection of taxes in cities of the first class, to levy an additional tax upon the basis of the tax roll of the county for the year 1893.

*Appeal from Superior Court, Pierce County.*

*S. C. Milligan*, for appellant.

*F. H. Murray*, for respondents.

The opinion of the court was delivered by

Hoyt, J.—Appellant brought this action to restrain the city of Tacoma and the auditor of Pierce county from proceeding in the levy of a certain tax of five mills on the dollar which the common council of said city, had by ordinance, directed to be spread upon the roll certified to them by the county assessor, as required by statute (Laws 1893, p. 167). The lower court adjudged him entitled to no relief, and dismissed his complaint, and from the judgment of dismissal he prosecutes this appeal. He presents to this court but two reasons why the tax, if assessed, will be illegal: *First*, Because the common council had no authority to levy it; and, *second*, that the ordinance making the levy was not passed until more than thirty days after the roll had been certified to the common council.

It is only necessary to say, as to the second question, that construing all the proceedings relating to the certifying of the said roll to the common council, and the passage by it of the ordinance in question, it fairly appears that such ordinance was passed within the thirty days provided by statute. But, even if it was passed after the expiration of said thirty days, that fact alone would not render it invalid. The limitation as to the time is not so mandatory that the least neglect to comply therewith would deprive the city of the right to make any tax levy for the year.

The determination of the other question depends upon the construction of the act passed March 9, 1893, providing for the assessment and collection of taxes in cities of the first class, in connection with the provisions of the general revenue act. It is contended on the part of the ap-

pellant, in relation to these statutes, that when they are construed together it is not made to appear therefrom that it was the intention of the legislature to provide that cities which had made and collected a tax levy during the year 1893 should have the right to make a further levy upon the basis of the assessment roll for the county for the same year.

We are unable to agree with this contention. By the provisions of § 2 (Laws 1893, p. 167) of said act of March 9th it is made the duty of all cities of the class to levy a tax in the fall of each year upon the basis of the assessment roll, to be certified to them by the county assessor. And by force of such section it is clear that the city of Tacoma would have been authorized to make the tax levy in question at the time it was made if it had not already made a levy for the year 1893 in accordance with the provisions of its own charter. And as there is no provision of either of the statutes under consideration which in any manner affects the power so granted to all cities of the class, except the provisions of § 9 (Laws 1893, p. 170) of said act, it must follow that if said § 9 had been omitted there would be nothing to prevent the city from making the tax levy in question. Under the provisions of the act, unaffected by said section, the city of Tacoma would not have been authorized to have completed the assessment for the year 1893 under the provisions of its charter. And, except as aided by that section, its proceedings to that end would have been irregular and void, but we are unable to see how that fact, or any fact in relation to that levy, could in any manner affect the right of the city under the general provisions of the act to levy the tax in question. Section 9 was, in effect, an exception in favor of cities which, under the provisions of their charter, were about to levy a tax, and was inserted for the purpose of protecting their right so to do. It contained no words which in any

manner made such exception affect the provisions of the act by which general power was conferred upon all cities of the class to levy the regular tax upon the roll certified to it by the assessor of the county. It will be noticed that the power conferred by § 2 above referred to is so worded that it can be made available to cities whether, under their charters, the tax levy was for the current or ensuing year, and for that reason the tax in question could not be affected by the fact that it was for the ensuing year.

It follows from what we have said, that even if the contention of the appellant that the clause at the end of § 9 was invalid is correct, it would not justify his contention, that on account of such invalidity the tax in question must fail. The language to which he takes exception was inserted to make certain the intention of the legislature, that the power conferred by § 2 of the act to levy a tax in each of the cities such as the one under consideration could in no manner be affected by reason of the permission contained in § 9, under which the levy in progress at the time of the passage of the act might be continued under the provisions of the charter.

No constitutional or other reason has been suggested by counsel why the legislature had not the power to authorize the assessment of taxes for the year 1894 upon the basis of the tax roll of the county for 1893, and as the intent of the legislature to authorize such a proceeding appears clearly from the legislation, we must hold that the tax so levied is valid.

The judgment must be affirmed.

Dunbar, C. J., and Anders, Scott and Stiles, JJ., concur.