EARNEST SHARPE, *Treasurer et al.* VS. M. M. ENGLE *et al.*

1. STATUTE FOR LEVY OF TAXES MANDATORY BUT NOT PROHIBITORY— Section 5627 of the Statutes of Oklahoma of 1893, which provides that on the third Monday in July, of each year, boards of county commissioners must levy the necessary taxes for that year, and that they may levy the same at any time after that day, if the statement from the territorial board of equalization has not been received, but that such levy must not be postponed for more than ten days, and that the commissioners must levy the taxes as directed by law, is mandatory in the requirement that the commissioners must levy the taxes as provided, but does not prohibit the levying of the taxes after the expiration of the time, if they are not levied within the time, and a taxpayer may not enjoin the collection of taxes merely because they were levied a few days late.

2. TERRITORIAL TAXES — *When County Commissioners Shall Levy*— The county commissioners are only required to make a levy for territorial taxes when the territorial auditor has not transmitted to the county clerk of the county a statement of the territorial taxes levied by the territorial board of equalization ten days after the third Monday in July, and an allegation that no levy of the territorial taxes was made by the board of county commissioners, without any charge that the territorial board of equalization and auditor had failed to do their duties under the law, does not state a cause of action.

*Error from the District Court of Canadian County.*

Action of injunction to restrain collection of taxes. Reversed.

*C. A. Galbraith, Attorney General,- A. J. Jennings, County Attorney* and *C. H. Carswell,* for plaintiffs in error.

*John I. Dille, John Schmook, Jr., C. O. Blake* and *E. E. Blake,* for defendants in error.

The opinion of the court was delivered by

BIERER, J.: M. M. Engle and a large number of other persons brought this action, as plaintiffs, in the court below, against Earnest Sharpe, treasurer of Canadian county, Territory of Oklahoma, and Canadian county, to restrain the collection of certain taxes. The petition alleges that the plaintiffs are the owners of real estate and personal property in Canadian county, which has been by the assessors listed for taxation for the year 1893, and that on the 3d day of August, 1893, the board of county commissioners of said county attempted to levy the taxes for the various funds in said county, and that the board of county commissioners has not at any time made a levy for territorial taxes nor a levy for any other purpose for said year except at the time mentioned; that the defendant, Earnest Sharpe, (plaintiff in error here), is the treasurer of Canadian county; that the county clerk of said county, after such levy, made the tax list and delivered the same to the county treasurer for collection, and that the tax as levied by the commissioners, together with an additional sum of four mills on the dollar for territorial purposes, is now on the books of the treasurer for collection, and a cloud on the title of the plaintiffs' property, and that the treasurer is threatening to, and will, unless restrained, issue warrants for the collection of the same and cause the same to be levied upon plaintiffs' property, and will advertise and sell plaintiffs' real estate, to their irreparable damage.

To this petition the defendants filed a demurrer, on the ground that the court had no jurisdiction of the persons of the defendants or of the subject matter of the action, and that the petition did not state facts sufficient to constitute a cause of action.

The court overruled this demurrer and rendered judgment, upon the sworn petition, enjoining the col-
40

lection of the taxes, and from this judgment appeal is taken.

The point upon which it is contended that the taxes, excepting the territorial taxes, are illegal, is that the tax was levied after the time at which it is provided by law they should have been levied had expired.

Section 5627 of the statutes of Oklahoma, of 1893, provides :

" On the third Monday of July of each year, the board of county commissioners must meet in the county seat to levy the necessary taxes for the current fiscal year, and they may levy the taxes at any time after the said third Monday of July if the statement from the territorial board of equalization has not then been received, but such levy must not be postponed for more than ten days; and they shall levy the taxes as herein directed."

It is admitted by plaintiffs in error that the 3d day of August, 1893, was two days beyond the time fixed by this statute for the levying of the taxes for 1893, even if the statement from the territorial board of equalization was not filed within the time provided by law, so that the board of county commissioners could postpone the time ten days from the third Monday of July.

It is contended by defendants in error that this statute is mandatory, and that the commissioners must levy the taxes at the time provided for therein, and could not levy them after the time had expired.

The language of this statute is mandatory, but its mandatory effect is not as defendants in error claim. It is mandatory in that the commissioners must meet at the time, or within the time fixed, and that the levy of the taxes must not be postponed for a longer time than the limit allowed by the section, and that they must levy the taxes provided for; but it is not mandatory in that it carries with it a prohibition against levying the tax at any other time.

The thing sought to be provided for by the legislature in this section was the positive requirement for the levying of such taxes as the county commissioners are required to levy, and not a prohibition against doing it at some other time, which could not affect the justice or equity of the tax.

It is not contended that any levies were made except such as are provided for by law, and it is not contended that the taxes were unfairly assessed, or are unjust from any cause, or that they are other than what the law provides for. In our judgment, then, their collection cannot be enjoined from the mere fact that the levy was made a few days after the time provided by law. Under this statute, the prosecuting officer, or any person having an adjudicated claim against the county, to pay which a tax is by law required to be levied by the board of county commissioners, might have, by action, required the commissioners to levy a tax therefor, if they had failed to do so during the time provided by law. Why, then, might not the commissioners do the very thing for the failure to do which they might be subject to compulsory process? We can see no reason why they should not do it. Certainly there is no reason why they should not, unless this statute becomes a prohibition against it after the expiration of the time fixed. In our judgment, this statute was never intended to be given such a meaning.

Speaking upon the question, as to whether or not such provisions as these in a tax law are so far mandatory as to prohibit the doing of a thing required at another time, Judge Cooley, in his work on taxation, p. 283, says:

"The phraseology of the statute may sometimes settle this question very conclusively. If, by the use of negative words, it requires a particular proceeding to be taken in a particular manner, and makes it void if not so done, or gives it effect, provided it

is so done, or declares that, unless it is taken, subsequent proceedings shall not be had, or prohibits its being done except at the time the statute prescribes, or if any terms, plainly imperative, are employed, the intent is clear, and no discretion can be permitted in construction."

He then quotes the following language of Judge Field, in *French vs. Edwards*, 13 Wall. 506:

" There are undoubtedly many stutatory requisitions intended for the guide of officers in the conduct of business devolved upon them, which do not limit their power or render its exercise in disregard of the requisitions ineffectual. Such generally are regulations designed to secure order, system, and dispatch in proceedings, and by a disregard of which the rights of parties interested cannot be injuriously affected. Provisions of this character are not usually regarded as mandatory unless accompanied by negative words importing that the acts required shall not be done in any other manner or time than that designated."

Now, we think this provision of our statute is one of the kind there referred to. It is a provision to secure system, uniformity, and the certainty of provision for defraying public expenditure; and, while it is mandatory upon the commissioners in so far that it fixes upon them the positive duty of doing the thing at the time or during the period required by law, it is directory as a method of procedure for enforcing the revenue laws of the territory in so far as any rights of a tax payer may be concerned.

In the case of *Mills vs. Johnson, Clerk of the Board of Supervisors of Dane County*, 17 Wis. 617, it was held that a statute requiring the assessors to return their assessment rolls to the common council of a city on or before the 1st day of July in each year, and providing that on the first Monday of July or within ten days thereafter the common council should determine the amount of tax and levy the same, was directory as to

time, and that the return of the assessment rolls in
the month of August and the leveying of a tax on the
26th day of July did not invalidate the tax or render
the proceedings void.   The court said of the matter:

"These are the irregularities complained of as to
the levy and assessment; and it is clear to us that
they are not of sufficient force to invalidate the tax in
a court of equity.   They all relate to the time in
which the several steps were taken, and none of them
reach the ground work and substance of the proceed-
ing.   They do not go to the equity of the tax, but
only to mistakes and imperfections purely technical
in their nature, which under our system can never be
wholly avoided in proceedings for taxation, and which
do not affect the merits or justice of the claim on the
part of the public.   (*Warden vs. Supervisors,* 14 Wis.
618.)   But more than this, we are of the opinion that
they are not such defects as would vitiate the tax at
law.   The provisions of the charter as to time are
directory, and a failure to comply with them did not
avoid the proceeding."

In *Wingate vs. Ketner, Auditor et al.* 35 Pac., 591, will
be found a decision from the supreme court of Wash-
ington which supports our view on this question.   In
the syllabus the court says:

"The requirement of Act March 9, 1893, § 2, that a
city council shall, within thirty days after an assess-
ment roll is certified to it, by ordinance fix the rate of
taxes to be levied, is not so mandatory that a slight
delay will invalidate the levy."

The supreme court of Kansas has many times held
that a court of equity will not lend its aid by injunc-
tion to restrain the collection of taxes because of
mere irregularities in the tax proceedings and which
did not injure the substantial rights of the citizen or
taxpayer.   (*Mo. Pac. Ry. Co. vs. Russell,* 8 Kan. 558;
*Parker vs. Challis,* 9 Kan. 155; *Smith vs. Com'rs of Leaven-
worth Co.,* 9 Kan. 296; *City of Lawrence vs. Killam,* 11
Kan. 499; *Challis vs. County Commissioners,* 15 Kan. 49.)

It is contended, however, by defendants in error

that even though the court may hold that the levy by the board of county commissioners a few days after the time fixed by law had expired would not render the tax void, yet the petition did state a cause of action, because it alleged that four mills territorial tax had been entered upon the tax rolls, and was on the books of the treasurer, as a cloud upon the defendant's title, and that no levy had been made for territorial purposes by the board of county commissioners. It is claimed that the territorial tax could not be entered without a levy by the county commissioners.

We do not think this contention correct. The law provides that the territorial board of equalization shall levy the territorial taxes, and on or before the third Monday in July of each year the territorial auditor shall transmit to the county clerk of each county a statement of the same, and that if such statement is not received by the county clerk within ten days after said third Monday in July then the county commissioners shall levy a general territorial tax at the rate of three mills on the dollar.

The county commissioners are not required to levy a territorial tax except upon a failure of the territorial board of equalization. There is no allegation in the petition that the territorial board of equalization failed to perform its duty so that the same could devolve upon the county commissioners, and as the petition does not charge the failure of the territorial board, the allegation that the board of county commissioners had not at any time made a levy for territorial purposes, amounts to nothing, and cannot be held to constitute a cause of action. The presumption is that the territorial board of equalization and the territorial auditor did their respective duties, and such presumption must be overthrown by proper averment before any failure on the part of the board of county commissioners could be the basis of complaint.

For the error complained of, the judgment must be reversed and remanded, with directions to sustain the demurrer to the petition, and render judgment for the defendants unless further objection to the validity of the taxes is shown by amendment to the petition.

Burford, J., not sitting, having presided in case below; all the other Justices concurring.