## L. KEYS v. J. C. MATHES, *et al.*

DEMURRER *to Petition, Overruled; No Misjoinder—No Error.* C. and wife conveyed land by general warranty deed to M., who went into immediate possession, but did not record his deed for three years thereafter. Before the record of M.'s deed, K. placed on record a mortgage, purporting to be executed by C. and wife to him, to secure a note executed by C. C. died, and his wife was duly appointed administratrix of his estate. M., Mrs. C. as administratrix, and Mrs. C. for herself, commenced an action to declare the mortgage a forgery, and that it was not a lien on the land, and for other relief. A demurrer was filed to the petition, alleging a misjoinder of actions. The overruling of this demurrer is *held* not to be error, as there is no misjoinder.

*Error from Sumner District Court.*

ACTION by *Mathes* and two others against *Keys*, to cancel a certain note and a mortgage. On November 5, 1885, the court overruled defendant's demurrer to plaintiffs' petition. This ruling defendant brings here for review. The opinion states the case.

*Orie Fitzgerald,* and *James Lawrence,* for plaintiff in error.

*Murray & Elliott,* for defendants in error.

Opinion by SIMPSON, C.: A demurrer was overruled to the petition in this case, and whether that ruling was correct, is the question. Two causes of demurrer were alleged: First,

several causes of action are improperly joined; second, said petition does not state facts sufficient to constitute a cause of action.

The substantial averments of the petition are: That on the 30th day of November, 1880, Andrew J. Cavitt was the owner of one hundred and sixty acres of land in Sumner county, and on that day he sold and conveyed the same to J. C. Mathes, by a deed containing general covenants of warranty. Said conveyance was executed by Andrew Cavitt and Mami Cavitt his wife, by which conveyance they covenanted that their title was good, and free and unincumbered, except as to a certain mortgage to one W. F. Irwin, dated September 1, 1879. The deed to Mathes from Cavitt and wife was filed for record on the 15th day of August, 1883, but Mathes took possession of the land on the 30th day of December, 1880, and has remained in the full possession and control ever since. There was recorded in the office of the register of deeds for Sumner county, on the 2d day of June, 1883, a paper purporting to be a mortgage on said land, executed by Andrew J. Cavitt and Mami Cavitt his wife, to L. Keys, the plaintiff in error, on the 1st day of June, 1883, to secure a note executed by Cavitt to Keys, for the sum of $186, made on the 1st day of June, 1883, due the 1st day of June, 1884, with interest at 12 per cent. per annum from maturity. It is alleged that this mortgage is a forgery; that Andrew J. Cavitt in his lifetime, and Mami Cavitt his wife, never executed such a note or mortgage; that it is invalid, and not a lien on the land. The death of Andrew J. Cavitt is averred, and it is alleged that Mami Cavitt was duly appointed the administratrix of his estate. The prayer is, that the note and mortgage be declared of no force or effect; that said mortgage be adjudged to be no lien on said land; that the title of Mathes be forever quieted against said Keys, and said mortgage; that Keys be decreed to deliver said note and mortgage to be canceled, and for other relief.

I. The contention for the plaintiff in error is, that the facts in this case as pleaded show that the causes of action are

several, and not joint, and hence that there is an improper joinder. Some tests have been established by this court in the case of *Jeffers v. Forbes*, 28 Kas. 174, which greatly aid in the determination of the questions involved in this case. One of them is the enunciation of the rule that under § 35 of the code, "It is not enough that all the plaintiffs should have an interest in the subject of the action; it is essential that they should all have an interest in obtaining the relief demanded." The inquiry then is, have these plaintiffs below a unity of action, and a unity in the relief demanded? If this can be affirmatively asserted, there is no misjoinder. So far as Mathes is concerned, his possession under his unrecorded deed from Cavitt and wife would probably be a defense to the lien of the mortgage, if Keys attempted to enforce it against the land; and he has unquestionably the right to commence an action to determine the invalidity of the mortgage, so far as it affects his land. The conveyance from Cavitt and wife to Mathes contained a covenant against liens and incumbrances, and if this covenant is broken by the existence of a mortgage to Keys, they are responsible to Mathes in damages for the breach. Cavitt is dead; his wife is administratrix of his estate. If Mathes had to commence such an action it would be against the administratrix of Andrew J. Cavitt, and Mami Cavitt. Such damages are to be paid out of the personal estate of the deceased; the judgment rendered for them would be the ordinary money judgment against the estate. Is a married woman liable on her covenants of warranty? If she is, she had the same interest in the result of the suit that Mathes would have, or that the estate of Andrew J. Cavitt would have. Mathes has a right to protect himself against the payment of this mortgage, because the land he bought was primarily pledged by its terms to its payment. Cavitt and wife had a right to protect themselves from the payment, because it was alleged they executed it, and hence were liable, and because its existence was a breach of their covenants to Mathes; so that it can be fairly said that there was a unity of action in behalf of all the defendants in error, who instituted the suit. It is

equally true that they could all be relieved by the same decree. A finding and decree that the mortgage was a forgery would divest the land of any pretended lien cast upon it by the recording of the mortgage, and would divest the estate of Cavitt and Mrs. Cavitt personally of any remaining liability to pay the note and mortgage, or to answer Mathes in damages.

The case of *Jeffers v. Forbes*, so confidently relied upon, is one in which the widow and heirs of Jeffers made separate and distinct deeds to Forbes for their respective interests as heirs-at-law, in the real estate of the husband and father, and then they commenced a joint action to set their deeds aside, because obtained by Forbes by fraud and deceit. The court says:

"The deed of the widow passed no title away from her children. That deed may stand or fall without in the least affecting any of the other conveyances. Suppose an action was brought to set aside the widow's deed alone, can it be claimed for a moment that the children would be necessary or proper parties to such an action?"

Apply that test to the facts presented here, and suppose Keys had to commence an action for the foreclosure of his mortgage, who would be the necessary parties? Cavitt, who signed the note and mortgage as principal debtor, would have to be sued. He is dead, and it is clear Mami Cavitt as administratrix of his estate would be a necessary party. Mrs. Cavitt signed the mortgage, and she would have to be a party. Mathes owns the land, and is in the actual possession and control of it, and he is an absolutely necessary party, or the legal title could not be divested if a sale was necessary. If Cavitt had retained the legal title at his death, his heirs would have been necessary parties, but as Mathes holds the legal title, Cavitt's heirs are not necessary or proper parties; so that it is clear that Mathes, the administratrix of the estate of Cavitt, and Mrs. Cavitt, would all be necessary parties in an action by Keys, to foreclose the mortgage. This establishes unity of liability, and that can be anticipated by unity of action. The relief prayed for avoids liability, by an adjudica-

tion that the mortgage is a forgery, not a lien on the legal estate held by Mathes, protects the covenants of Cavitt and wife, prevents a personal judgment against the estate of Cavitt, relieves Mrs. Cavitt from liability as one of the makers of the instrument, and does not lessen her distributive share as one of the heirs of her husband. The relief may not operate on all the plaintiffs below in the same degree, and yet it is common to all. They are each entitled to ask and receive the special relief prayed for. When the court adjudges the mortgage to be a forgery, all legal consequences of that adjudication follow, and result to the benefit of all these parties, to the extent and degree to which they are interested. Each is relieved from any and all liability incident to the mortgage.

II. The second claim is, that the petition does not state a cause of action. It is not necessary to recite these facts again, for the inference is too plain, from what we have said concerning the first cause of demurrer, that the petition alleges a cause of action. It may not be stated as fully in detail, and with that precision of statement and averment so desirable in a pleading, but all the essential statements constituting a cause of action are embraced therein. There is no error in the ruling of the court below on the demurrer, and we recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.