## W. H. HURD v. MARY H. SIMPSON *et al.*

HUSBAND AND WIFE—*Action—Misjoinder—Joint Judgment.* Where a husband and wife sell and convey jointly and by a joint deed certain real estate to H. for the joint consideration of $5,650, and afterward the grantors commence a joint action against H. for the purchase-price of the land, and the petition states and shows a joint cause of action for the purchase-price of the land, and no question is raised as to a misjoinder of causes of action or of parties by either a demurrer or an answer, but on the trial it appears that each of the plaintiffs owned a separate portion of such real estate, and the trial court rendered a joint judgment in favor of the plaintiffs and against the defendant for the amount of the purchase-price still remaining due and unpaid, *held*, not error.

### *Motion for Rehearing.*

THE material facts appear in the opinion, filed November 7, 1891.

*Geo. E. McMahon,* for the motion.

*Shepard, Grove & Shepard,* contra.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Mary H. Simpson and R. J. Simpson, wife and husband, against W. H. Hurd, to recover the sum of $5,650, claimed to be due to them as the purchase-price of certain real estate sold and conveyed by them to the defendant. The petition stated and showed a joint cause of action in favor of the plaintiffs and against the defendant for the purchase-price of the land. It appeared on the trial, however, that although the sale and conveyance was by a single deed executed by both the plaintiffs jointly, for a joint consideration of $5,650, yet that each of the plaintiffs owned a separate portion of the real estate conveyed, and it is therefore now claimed that each had a separate cause of action, and that the two together did not have a joint cause of action, and therefore could not maintain this action for the purchase-price, nor for any portion thereof. This

question, however, was not raised in the court below by either a demurrer or an answer, and hence, in our former decision in this case, (*ante*, p. 245; same case, 26 Pac. Rep. 465,) it was held that the question of misjoinder was waived, and that the plaintiffs might therefore recover in the action jointly for whatever might still remain due of the purchase-price of the land, which the court below found to be, principal and interest, $2,240.57; and the court below rendered a joint judgment in favor of the plaintiffs and against the defendant for this amount.

Of course this court did not intend to hold in our former decision, and would not hold if the question were properly raised, that where each of two persons has a separate cause of action, such two persons together might maintain a joint action to enforce their separate causes of action. (*Hudson v. Comm'rs of Atchison Co.*, 12 Kas. 140; *Swenson v. Plow Co.*, 14 id. 387; *Palmer v. Waddell*, 26 id. 352; *Dobbs v. Stauffer*, 24 id. 127, 128; *Jeffers v. Forbes*, 28 id. 174; *McGrath v. City of Newton*, 29 id. 365; *City of Ellsworth v. Rossiter*, 45 id. 237.)

Separate causes of action in favor of separate individuals cannot, in the nature of things, constitute a single cause of action or a joint cause of action, or a cause of action in favor of any two or more or all of the several plaintiffs. But such causes of action are nevertheless causes of action in favor of the separate plaintiffs, and are not nullities. Nor would this court hold that a misjoinder of parties or an excess of parties would constitute a defect of parties. (*McKee v. Eaton*, 26 Kas. 226.) Nor would this court hold that a demurrer would lie in any case for a misjoinder of parties. (Civil Code, § 89; *Town Co. v. Maris*, 11 Kas. 147.) But this court intended to hold by our former decision in this case, and now holds, that under the facts of this case and the provisions of the civil code the defendant below, plaintiff in error, so waived any

Husband and wife—action— misjoinder— joint judgment.

question of misjoinder which might possibly be in the case that the court below did not err as against the defendant in rendering a joint judgment, as it did upon the facts of the case, in favor of the plaintiffs and

against the defendant for the amount of the purchase-price of the land still remaining due; and therefore this court now holds that the motion for a rehearing in this case should be overruled. Under § 35, article 4, of the civil code, "all persons having an interest in the subject-matter of the action and in obtaining the relief demanded *may be joined* as plaintiffs, except as otherwise provided in this article;" and § 37 of the same article provides as follows:

"SEC. 37. Of the parties to the action, those who are united in interest *must be joined*, as plaintiffs or defendants; but if the consent of one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason being stated in the petition."

And under § 83, article 7, of the civil code, "the plaintiffs *may unite several causes of action* in the same petition;" but, in order that they may do so, these "*causes of action*" must all belong to one of the several classes of actions mentioned in said section, "*and must affect all the parties to the action*, except in actions to enforce mortgages or other liens." Now, where each of two plaintiffs has a separate cause of action, the separate cause of action of one of the plaintiffs would certainly not in any manner *affect* the other plaintiff; hence, under said § 83 of the civil code, such two separate "*causes of action*" could not be united in one and the same action. But if they should be so united, then there would be an improper joinder of causes of action. (*Jeffers v. Forbes*, 28 Kas. 174.) And the question whether they could be so united or not might properly be raised by a demurrer to the petition, where the facts showing the same appear upon the face of the petition. (Civil Code, § 89, subdiv. 5; *Jeffers v. Forbes*, 28 Kas. 177; *Barnes v. City of Beloit*, 19 Wis. 93; *Newcomb v. Horton*, 18 id. 566. Also, in the same connection, see *Fuller v. Fuller*, 5 Hun, 595; *Fisher v. Hall*, 41 N. Y. 416.) In the opinion of the court in case of *Jeffers v. Forbes*, supra, delivered by Mr. Justice BREWER, the following, among other language, is used:

" The first ground of demurrer, as heretofore stated, is, that several causes of action were improperly joined; and the con-

tention is, that the setting aside of each of the six several deeds from the plaintiffs to the defendant, W. H. Forbes, was a separate and independent cause of action, in which only the grantor in such deed had any interest. . . . We think the contention of the defendants in error is correct, and that the ruling of the district court must be sustained on this ground. [Such ruling of the district court was, that the demurrer should be sustained.] . . . As each grantor is alone interested in obtaining the cancellation of his own deed, and as all the other plaintiffs would be improper parties in an action brought by the one alone to set aside his individual deed, so where all the parties unite in an action to have set aside six several deeds by separate grantors conveying separate interests, they unite six several causes of action in one suit, and six several causes of action in each of which only a portion of the plaintiffs is interested. . . . We conclude, then, that upon this ground the ruling of the district court is correct, and must be affirmed. We might stop here, but inasmuch as under § 92 of the civil code the court, upon the application of the plaintiffs, must allow them to file separate petitions for the different causes of action, it is due to the parties that we should examine further, and determine whether the second ground of demurrer, namely, that the petition does not state facts enough to constitute a cause of action, is sustainable."

In the case of *Barnes v. City of Beloit,* supra, the supreme court of Wisconsin, in holding that a demurrer to the complaint upon the ground that several causes of action were improperly joined would lie, used the following, among other language:

"But the complaint in the action sets forth separate causes of action, one in favor of each plaintiff, without being separately stated; and if so, several causes of action are improperly united. The counsel for the respondents, however, maintains that different causes of action, within the meaning of § 5, ch. 125, R. S., are improperly united only where there are in the same complaint causes of action of the different classes mentioned in § 29 of the same chapter; as, for instance, where the complaint contains one count in tort and another on contract; and that where there are several causes of action, to wit, one in favor of each of several plaintiffs, in the same complaint, and all of the same class, the remedy is not by demurrer, but by motion. He cites several cases to this point, but they are all cases where

several causes of action in favor of all the plaintiffs, *affecting all the parties*, and which *might be united* in the same complaint, were not separately stated. But in this case each separate cause of action does not affect *all the* parties to the action, and they could not be united without violating the provisions of § 29, aforesaid. In other words, the plaintiffs have no common pecuniary interest. The complaint would have been held bad before the code for multifariousness."

In the case of *Fuller v. Fuller*, supra, the following was decided:

"Where, upon the trial of an action brought by two plaintiffs to recover for the conversion of a team of oxen, it appeared that each of the plaintiffs owned one of the oxen, *held*, that a motion for a nonsuit of both of the plaintiffs, on the ground that they had brought a joint action and shown a several interest, was properly denied." (Syllabus.)

In the case just cited, the case of *Simar v. Canaday*, 53 N. Y. 298, is referred to, which decides as follows:

"A misjoinder of parties plaintiff is not a ground for dismissal of the complaint as to all the plaintiffs, if either has shown that he has a good cause of action. In such case the motion must be for dismissal of the complaint of the plaintiff in whom no right of action appears." (Syllabus.)

In the case of *Fisher v. Hall*, supra, the plaintiffs were the children and their husbands and the grandchildren of George Fisher. Their action was for the recovery of certain undivided interests in real property, and they brought their action as devisees under the last will and testament of Leonard Fisher, the father of George, by which will Leonard devised to George the property in question, with other property, in trust for the use of George's children and their heirs. The plaintiffs were only a portion of the tenants in common of the real estate in controversy, and not all of such tenants in common, and the case was decided upon the theory that such an action could be rightfully maintained only by each tenant in common separately, or by all the tenants in common jointly, and not by simply a portion of the tenants in common. A judgment, however, in favor of the plaintiffs, who were only a portion

of the tenants in common, was affirmed upon the grounds stated in the following language contained in the opinion of the court, to wit:

"As tenants in common, representing less than the aggregate common interests in the estate, the plaintiffs probably would have been unable to have maintained a joint action, if that objection had been taken in time. . . . But as the facts of the case were fully stated in the complaint, showing that the plaintiffs did not represent all the common interests in the estate, if any objection was intended to be taken to their right to maintain the action on the account, it should have been presented at that time. By answering and taking issue on the case alleged, *this objection was waived,* and it became the duty of the court to try and determine the issue as it had been joined by the pleadings. *If any objection existed to the form in which the action was brought, it was that the complaint contained several causes of action which had been improperly united, and that should have been raised by demurrer. As it was not, it was waived, within the express language of section 148 of the code.* The judgment should be affirmed with costs."

The above § 148 of the New York code, together with § 147 of that code, corresponds precisely with § 91 of the Kansas code, hereafter quoted.

We know of no decision by any court of last resort adverse to any of the foregoing cases. There is a *dictum,* however, in the case of *Masters v. Freeman,* 17 Ohio St. 323, which comes near it. The case of *Bort v. Yaw,* 46 Iowa, 323, which is supposed to be strongly against the above views, has no application whatever to this case, for the reason that under the statutes of Iowa a demurrer will not lie on the ground of a misjoinder or improper joinder of causes of action; nor can a defendant ever waive anything under the statutes in that state by merely failing to file such a demurrer and failing to raise the question specifically by answer. The contention on the part of the defendant below would seem to be substantially, that where two or more persons commence an action jointly, they must allege and prove a joint cause of action in favor of all the plaintiffs, or all must utterly fail in their action; or, in other words, their contention is as follows: Where two or more persons

sue jointly for anything, as for the purchase-price of land, and upon the trial it appears that each is entitled to a part, or that one or more of the number and not all is entitled to a part or the whole and the others not entitled to anything, then that the action must fail as to each and all, upon the principle that a cause of action in favor of each or any one or more of the plaintiffs less than all is not a cause of action in favor of all. This would certainly be a harsh rule, especially in the light of § 396 of the civil code, which provides among other things that "judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants." It is certainly not the law that where two or more sue jointly all must recover jointly or all utterly fail. Mr. Pomeroy, in his work on Remedies and Remedial Rights under the Code Practice, § 41, after first speaking of the equitable theory of judgments, then uses the following language:

"The common-law theory of the judgment was in every respect different from this. Based upon the intensely arbitrary notion of joint rights and obligations, it regarded the demand of co-plaintiffs on the one side, and the liability of co-defendants on the other, except in a certain well-defined class of cases, as a unit, as utterly incapable of being severed, as something which must be established as to all or must fail as to all the parties. In no instance was affirmative relief granted to the defendant. Recoveries by plaintiff against plaintiff, or by defendant against defendant, were unknown. Since the right of the plaintiffs or the liability of the defendants was conceived of as one and indivisible, the recovery must be against all the defendants equally, and in favor of all the plaintiffs alike. As a general rule, therefore, independent of statute and of the few excepted cases, the judgment in a common-law action could not be severed, and be pronounced in favor of some plaintiffs and against the others, nor in favor of some defendants and against the others. No principle of the common-law procedure was more firmly established than this; and it represented all the technical and arbitrary notions which characterize the entire system. The codes are unanimous in their dealing with this subject. In the most direct and comprehensive language they reject these narrow dogmas

of the law, and establish the liberal doctrines of equity, which
they apply to the civil action without exception or limitation.
The statutory provisions are so clear, definite and certain that
no reasonable doubt as to their scope and meaning is possible.
Although the purpose of the law-makers and the theory of
their legislation are so plainly expressed, the courts have hesi-
tated and halted in giving effect to this extent and in carrying
out this design. The change made in the ancient order of
things is so radical and sweeping that judges sometimes
shrink from its contemplation, and seem to regard the stat-
ute as though it could not mean what its language declares.
This evasion or ignoring of the legislative will has by no
means been universal. In many states the courts have con-
formed to the letter and the spirit of the codes, and have by
their decisions established the true principles which can and
must be adopted and used in constructing and arranging the
practical rules of procedure that regulate the recovery of judg-
ments by means of the civil action."

There are cases in some of the states where they have no
code like ours, or where the code is ignored and the common-
law rules followed, in which it is held that the several plain-
tiffs in an action must all recover jointly or all utterly fail;
and following this doctrine it is further held, that it makes no
difference how many causes of action may be stated in the
plaintiffs' original pleading in favor of one or more of the
plaintiffs; still if no joint cause of action is stated in favor of
all the plaintiffs, the pleading may be demurred to upon the
ground that no cause of action at all is stated in the pleading.
Such can hardly be the law, however, in any state like this,
where all the distinctions between actions at law and suits in
equity and all the forms of all such actions and suits are abol-
ished, and where we have in their place only one form of ac-
tion, which is called a civil action, (Civil Code, § 10,) and
where "judgment may be given for or against one or more
of several plaintiffs, and for or against one or more of
several defendants." (Civil Code, § 396.) It would seem
strange that a petition may contain several causes of action
and yet not contain one. The petition, however, in the pres-
ent case contains only one cause of action, and that is a joint

cause of action in favor of both the plaintiffs and against the defendant. Where a petition, however, of several plaintiffs, which sets forth several causes of action, one in favor of each of two or more of the plaintiffs, but none in favor of all the plaintiffs, which is not the present case, such petition may be demurred to upon the ground of an improper joinder of causes of actions. (See the authorities above cited.) The argument is this: Section 83 of the civil code provides for the joinder of causes of actions, but provides that causes of action can be joined only where they all "*affect all the parties to the action,* except in actions to enforce mortgages or other liens." If *the causes of action* attempted to be joined *do not affect* all the parties, within the requirements of § 83, then there is an improper joinder of causes of action, and § 89 of the civil code provides that a demurrer will lie to a petition where "several causes of action are improperly joined;" (subdiv. 5;) and § 91 of the civil code then provides as follows:

"Sec. 91. When any of the defects enumerated in section 89 do not appear upon the face of the petition, the objection may be taken by answer; and if no objection be taken, either by demurrer or answer, the defendants shall be deemed to have waived the same, except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action."

Where a separate cause of action in favor of each of the several plaintiffs is stated in the petition, so as to subject the petition to a demurrer upon the ground that several causes of action are improperly joined, and where a demurrer upon such ground is interposed and sustained, then the proper practice is as follows: Each of the plaintiffs will be permitted, upon application, to file a separate petition for his or her own cause of action, and each of such plaintiffs will then be permitted to separately proceed upon his or her own separate petition. (Civil Code, § 92; *Jeffers v. Forbes,* 28 Kas. 180.) In all probability, however, each of the plaintiffs in the present case had an interest in the entire amount of the purchase-price of their land, and if the question of their interests, whether joint or several,

had been properly raised, it would probably have been shown and found that their interests were joint. But what if they were not joint? What harm could the defendant suffer by paying to the plaintiffs jointly just what he owed to them in severalty? He could lose nothing by such a transaction. But he did not need to litigate with them jointly if their claims were really separate, unless he chose to do so. In all cases a defendant may raise the question of the misjoinder of the separate causes of action of several plaintiffs, either by demurrer or answer, and have such separate causes of action separated and litigated separately. But if a defendant chooses to permit such separate causes of action to be litigated together, he should not complain of a joint judgment against him, where there can be no complaint against it except that it is joint. As to the judgment, see *Hall v. Jenness*, 6 Kas. 365. It might be doubtful, however, in this case, even if the plaintiffs were entitled to separate portions of the purchase-price of their land, and not entitled to the same jointly, and even if the question of misjoinder had been properly raised by the defendant, whether he could have defeated the plaintiffs' joint action. Section 28 of the civil code provides that "a person with whom or in whose name a contract is made for the benefit of another . . . may bring an action without joining with him the person for whose benefit it is prosecuted." In this case the contract was made with both the plaintiffs jointly; it was made in their names jointly, and upon its face it was for their benefit jointly. But suppose that it was really for their benefit severally: then may they not, as the contract was made with them jointly and in their joint names, bring the action in their joint names for the benefit of themselves severally? See what is said in *Walburn v. Chenault*, 43 Kas. 352, 358.

Upon the facts of this case, and with our views of the law, it is the opinion of this court that the judgment of the court below should be affirmed, and that the motion for the rehearing should be overruled, and it is so ordered.

All the Justices concurring.