## THOMAS CANTWELL AND JAMES CANTWELL
### V.
### ROBERT MOORE.

*Landlord and Tenant—Joint Lease of Property Owned in Severalty —Sale of Property by Lessors—Right of Grantees to Maintain Joint Action for Rent—Attornment.*

1. Where husband and wife, each owning in severalty an eighty acre tract of land, make a joint lease of said land to a tenant, such tenant is

estopped from denying his liability to the lessors jointly, or that they are the joint owners of the property.

2. Each of the lessors having conveyed his eighty acre tract to another party, and the lessee having paid a portion of the rent to such grantees jointly, and having promised to pay the balance, such grantees can, on default, maintain a joint action against the tenant for the rent, and the tenant is estopped from setting up the ownership of the tracts in severalty.

[Opinion filed May 20, 1892.]

APPEAL from the County Court of Grundy County; the Hon. A. R. JORDAN, Judge, presiding.

Messrs. G. W. HUSTON and HALEY & O'DONNELL, for appellants.

Mr. S. C. STOUGH, for appellee.

LACEY, P. J. This was suit commenced by distress warrant issued by appellants to Elias Taber, bailiff, commanding him to distrain of the goods and chattels of Robert Moore, the appellee, in Grundy County, etc., for rent of certain premises described in the warrant. The bailiff levied on a half crib of corn of appellee and returned the warrant before a justice of the peace. The case was afterward appealed to the County Court, and a jury was waived and a trial had before the court, which found for appellee and rendered judgment against the appellants for costs.

The distress warrant was amended in the County Court by increasing the demand in the warrant to $200.

On the trial of the cause in the County Court appellants presented a lease from Michael Cantwell and Margaret Cantwell to the appellee, dated January 5, 1890, for two eighty acre pieces of land which adjoined and constituted one farm situated in Grundy County, Illinois. The lease ran from March 1, 1890, to March 1, 1891, with covenants to pay for rent for the said premises $410; $50 April 1, 1890, and $160 September 1, 1890, and $200 March 1, 1891.

Appellants also offered a deed in evidence from Margaret
Cantwell and Michael Cantwell, her husband, to one of the
appellants, James Cantwell, to one of the above described
eighties, duly acknowledged February 17, 1890, and recorded
December 6, 1890. The appellants also offered in evidence
a deed from Michael Cantwell and Margaret, his wife, to
Thomas Cantwell, appellant, to the other eighty, dated
February 19, 1890, recorded December 5, 1890. The evidence
showed that both Michael Cantwell and Margaret Cantwell
died prior to the recording of the deeds, December 5, 1890.
The court then rejected the deeds in evidence.

It appeared further from the evidence that Michael and
Margaret Cantwell were the father and mother of appel-
lants and that the appellee took possession under the lease
and remained in possession during its term, enjoying the
premises, and continued in possession under a new lease
from Margaret Cantwell to him, dated August 25, 1890,
which extended from March 1, 1891, to March 1, 1892, at
the same rent, given after the death of Michael Cantwell.
It appears that Margaret Cantwell owned one of the above
described eighty acre tracts of land in her own right and
Michael Cantwell the other in his own right. The evidence
also tended to show that the appellee paid to appellants
jointly after the death of the original grantors in the lease,
a portion of the rent due March 1, 1891, and also agreed to
pay them another portion jointly, and that there remained
due and unpaid on the lease a balance of about $60. The
appellants then, on the trial, asked the court to hold the
following propositions as law: That the proof of partial
payment and a promise to pay rent jointly to appellants,
accruing on the lease after the appellants became owners
of the premises in question, show in connection with the
leases in evidence and the deeds offered in evidence a right
in appellants to recover the unpaid balance of the rent.
That if the appellants were the legal owners by deed,
each of a portion of the demised premises, and after they had
acquired their legal titles the appellee promised to pay
jointly the rent, or any portion thereof, to them under the

lease, and the appellants acquiesced in the promise and have jointly sued for said rent, they are entitled to recover in this case. The court refused to hold these propositions of law for the appellants and marked them "refused." The court then gave judgment against the appellants for costs.

In this we think the court erred. Under the original lease of Michael and Margaret Cantwell to the appellee, the latter was obliged in law to pay them the rent reserved in the lease jointly. He could not deny their joint title to the premises, being estopped by his lease. It made no difference to him in what manner they held the title to the land. They had conveyed to him a leasehold interest jointly, and he had agreed to pay them jointly the rent therefor. This is a well recognized principle of law. Cantwell and his wife deeded to the appellants in severalty each a portion of the demised premises, one eighty to one and the other eighty to the other, and the case would remain the same, as far as the grantee is concerned, as though the original lessors had been tenants in common of the demised premises. The statute also, Secs. 14 and 15, Chap. 80, R. S., gives the grantee of the lessor the same right of action for the recovery of any rent as the grantor or lessor may have had if such reversion had remained in such lessor or grantor. ' Whether a notice to the lessee by such grantee of the reversion or an attornment by such lessee to the grantee of the lessor must be shown under the said statute to enable the grantee of the lessor to maintain his cause of action for rent due, it is not necessary here to decide, as the evidence shows an attornment by appellee to appellants by a payment of a portion of the rent due, and a promise to pay another portion of it to appellants jointly. And we can conceive that it makes no difference in principle whether the promise was made before or after the term expired. If there is any reason in law for holding that a contract that was joint in its inception can be severed by the lessor deeding in severalty portions of the demised premises to several parties, it is for the benefit of such several grantees and not for the benefit of the lessee. It is much to his benefit not to be subjected to several actions or to deal with

several different parties in the payment of his rent, but on the contrary it would be much to his advantage to settle the rent as he originally agreed, as an entirety. Such law is wholly for the benefit of several grantees of the original lessor. And we see no reason, where such grantees see proper to maintain the contract of renting as an entirety and where the lessee agrees to pay the rent as an entirety to them jointly, for holding that it may not be done, and the cause of action maintained by the grantees of the reversion jointly. And so it was held in Marshall v. Mosley, 21 N. Y. 277, that the grantees of a reversion might maintain a joint action for rent against the lessee, the court holding the following language: "The remaining question is whether the plaintiffs can maintain the action jointly. We are of the opinion they can. If the rents had not been collected from the tenants, the plaintiffs to whom it belonged as tenants in common of the reversion might have joined in an action to recover. The rule appears to be extremely well settled, the only doubt suggested by the authorities being whether they could sever their rents if they had elected to do so."

We do not think the case of Crosby v. Loop, 13 Ill. 625, is in point.

In case where the reversion descends to heirs or where an undivided interest is granted in the reversion, it would be easy enough to sever the rents and allow each tenant in common to recover an aliquot part of the rent; but in a case like this it is practically impossible to sever the rent, for the farm was rented as a whole for so many dollars. How could it be ascertained how much each eighty would be entitled to? It could not be told what entered into the minds of the parties to the value of the rental of each particular piece of the land.

We think then, clearly, that the appellants must be held to simply have stepped into the shoes of the original lessors respectively, one succeeding to the lands belonging to the husband and the other to the wife, and that the appellee is estopped to deny their title and right to recover the rent jointly as he would have been had the title remained in

Cantwell v. Moore.

the original lessors, and they had lived to prosecute their claim for rent under the lease. If there could have been any doubt originally of the rights of the appellants to prosecute this suit jointly, we think such doubt is entirely removed by the action of appellee in paying them rent jointly and by promising them to pay other rents under the lease if he did so. While it is true that appellants hold title by their deeds to portions of the land in severalty under the statute, they succeed to all the rights of the lessors under the case, and they also, by Sec. 15 of the same statute, become responsible to the lessee for the covenants in the lease. We are therefore of the opinion under the circumstances of the case that the appellants' right to recover under the lease has not been severed and that they should have a right to recover for the balance due. As to the second lease given by Mrs. Cantwell, it appears there was no rent due under it at the time this suit was commenced. Therefore it is properly excluded. If any variance between the distress warrant and proof existed, appellant should have called the attention of the court to it in the court below, so as to afford an opportunity to obviate the effect by amendment. Not having done so, it is too late to make the objection here. Besides that, the court erred in holding the points of law submitted against the appellant.

If the court had held the law favorable to the appellants, then it would have been the duty of the appellee to have objected to the introduction of the evidence on the specific grounds of a variance. For the above reasons the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*