No. 23,874.

JULES GILLET et al., *Appellants*, v. THE ELMHURST INVESTMENT COMPANY et al., *Appellees*.

No. 23,875.

JULES GILLET et al., *Appellants*, v. THE ORLANDO PETROLEUM COMPANY, *Appellee*, et al.

SYLLABUS BY THE COURT.

OIL AND GAS LEASE—*Lease assigned by Lessor—Action for Breach of Covenant in Lease—No Misjoinder of Plaintiffs—No Misjoinder of Causes of Action.* The lessor in an oil and gas lease assigned an undivided one-tenth interest in the lease to each of his seven children. The lessee assigned to operating companies. The implied covenants of the lease, to develop fully and with diligence the oil resources of the land, and to prevent the land from being drained of oil by wells drilled on adjoining land, were broken, and the express covenant to render a stipulated oil royalty was broken. The lessor and his assignees joined in an action for damages against the lessee and his assignees. The district court sustained a demurrer to the petition, on the ground of misjoinder of causes of action. *Held*, the district court erred.

Appeals from Marion district court; ROSWELL L. KING, judge. Opinion filed July 8, 1922. Reversed.

*John Madden*, and *John Madden, jr.*, both of Wichita, for the appellants.

*A. A. Godard, J. Arthur Myers*, both of Topeka, *W. H. Carpenter*, and *W. R. Carpenter*, both of Marion, for the appellees.

The opinion of the court was delivered by

BURCH, J.: These actions were commenced to recover damages for breach of the covenants embraced in an oil lease. Demurrers to the petitions were sustained, on the .sole ground of misjoinder of causes of action. The plaintiffs appeal.

The land covered by lease is the south half of the southeast quarter, and the south half of the southwest quarter, of a described section. The lease was given by the owner, Jules Gillet, and his wife, Rose Gillet, to S. W. Forrester. So far as it applied to the east eighty acres, Forrester's interest in the lease came into the hands of the Elmhurst Investment Company, the principal defendant in case No. 23,874. So far as it applied to the west eighty acres, Forrester's interest in the lease came into the hands of the Orlando Petroleum Company, the principal defendant in case No. 23,875. The petitions alleged these companies were under the same officers, operated in conjunction with each other under the same managing representative, and controlled the leases on the land north, south, and west of the Forrester lease. A well was drilled on the west eighty acres, which produced 1,000 barrels of oil per day. The lessors then deeded to each one of their seven children an undivided one-eighth of the mineral in place on the two tracts, subject, however, to the Forrester lease, and by the same instrument, fully vested in each grantee an undivided one-tenth interest in the Forrester lease, its rents and royalties, to the same extent as if each grantee were lessor. The petitions alleged failure to deliver oil produced and saved, inexcusable waste of produced oil, and calculated waste by the Elmhurst and Orlando Companies of stores of oil in the ground, by refraining from caring for and operating drilled wells, and by refraining from drilling wells necessary to prevent the land from being drained by wells of great capacity outside its borders. The lessor and his assignees joined as plaintiffs. The court held the petition stated a cause of action, but held several causes of action were improperly joined. The plaintiffs asked leave to file separate petitions, each one stating a single cause of action, but the court would not permit, and dismissed the actions at the cost of the plaintiffs.

The joinder did not consist in uniting several causes of action different in nature, unrelated to each other, and affecting the parties in different ways, but in the joining of several plaintiffs in present-

ing a common cause of action, for relief on account of a common injury, measured by damages in a common sum, in which each plaintiff had a share; and it would be a reproach to our system of procedure if it required going through the maneuvers of bringing eight separate lawsuits, with eight attendant cost bills, to establish the same state of facts before eight juries, at eight trials, so that each plaintiff might receive his proportionate share of the damages which the defendants caused.

The Forrester lease was given, as it stated, for the sole purpose of drilling and operating for and producing oil. The lessee impliedly covenanted that he would fully develop the oil resources of the land with diligence, and impliedly covenanted that he would prevent escape of oil from the land, by drilling a sufficient number of wells to offset those drilled by others outside the lease boundaries. (*Howerton v. Gas Co.*, 81 Kan. 553, 106 Pac. 47; 1 Thornton, The Law of Oil and Gas, 3d ed., 156.) The lessee also covenanted to render a stipulated oil royalty, and the case is one for damages for breach of covenant.

Tenants in common, by acquisition of undivided interests from a lessor, stand on the same footing as the lessor. Assignment of undivided interests in the lease by the lessor did not split the covenants; they remained entire. Breach of the covenants as to one tenant in common with the lessor, was a breach as to all, they were all equally affected by breach, and in such cases all may join, although the damages recovered may be apportioned between them. (*Cantwell v. Moore*, 44 Ill. App. 656; *Wall & Another v. Hinds*, 4 Gray [70 Mass.] 256; *Tylee v. M'Lean*, 10 Wend. [N. Y.] 373; *Marshall v. Moseley*, 21 N. Y. 280.)

In the Massachusetts case the headnote reads as follows:

"Tenants in common may maintain a joint action for the rent due under a sealed lease of the joint estate, all the covenants in which are with them jointly, although by an agreement annexed to the lease, and made part thereof, it is stipulated that half of the rent shall be paid to each." (p. 256.)

The result is, the case is covered precisely by section 34 of the civil code, which reads:

"All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this article." (Gen. Stat. 1915, § 6924.)

No other provision of the article is pertinent to the present controversy.

The plaintiffs cite the cases of *Palmer v. Waddell,* 22 Kan. 352, and *Jeffers v. Forbes,* 28 Kan. 174. The defendants assert the decisions in those cases are favorable to them.

In *Palmer v. Waddell,* John, John W., and James W. Palmer sued Waddell for damages resulting from the flooding of land and the destruction of crops consequent on diversion of a watercourse, and for equitable relief by way of injunction and abatement of nuisance. It was held each plaintiff should sue separately for damage to his own crops; all might join for damage to crops in which they had a common interest; and all might join for abatement of nuisance common to several tracts of land owned individually. The distinction was between separate interests as the subjects of action leading to separate relief, and common causes of action for a common injury redressible by common relief. The distinction was made clear by the decision in *Jeffers v. Forbes.* In that case, landowners by inheritance from the same ancestor, executed separate deeds to a grantee who procured all the deeds by fraud. It was held the grantors could not join in an action to set aside the deeds. There was no unity of cause of action or in the relief demanded. The fraud on one induced a separate deed of his separate interest in the land, but did not injure any of the others, and no one was interested in having the deed of anyone else set aside. In this instance, the plaintiffs were authorized to join, just as the Palmers were authorized to join in suing Waddell for damages resulting from flooding the crop of wheat which the Palmers owned in common.

The defendants suggest a misjoinder of causes of action because of diversity of interest on the part of the defendants. Forrester is liable on the covenants, because he made them. Other defendants are liable on the covenants, because they stand in Forrester's shoes. Other subjects discussed by the defendants are not open to consideration because the defendants did not appeal.

The judgment of the district court is reversed, and the causes are remanded with direction to overrule the demurrers.